IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

THE ESTATE OF RICHARD GARCIA )
and MRS. SUSAN GARCIA, )
                                         )
                  Plaintiffs, )
                                         )
     vs. )
                                         )
UNITED STATES OF AMERICA, )
                                         ) No. 3:10-cv-0023-HRH
                         Defendant. )
_____)

O R D E R

Motion to Dismiss;
Application for Entry of Default

By minute order entered May 21, 2010,[1] the court advised plaintiffs that this case was not at issue and that the time for answering had expired. Plaintiffs were advised to apply for the entry of default. Plaintiffs took no action with respect to this minute order until June 15, 2010, when an application for entry of default was filed.[2] However, as defendant points out in its response,[3] defendant had moved to dismiss plaintiffs' complaint prior to plaintiffs' application for the entry of default. The filing of the motion to dismiss met the condition of Rule 55(a), Federal Rules of Civil Procedure, which precludes the entry of

---

[1]Docket No. 5.

[2]Docket No. 8.

[3]Docket No. 10.

- 1 -

default where a defendant "has ... otherwise defend[ed]." The application for entry of default is denied.

Defendant moves to dismiss plaintiffs' complaint pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure — lack of subject matter jurisdiction.[4] The motion is opposed.[5] Oral argument has not been requested and is not necessary.

The facts underlying the motion to dismiss are simple and undisputed. On October 19, 2009, plaintiffs filed an administrative claim with the United States Department of Health and Human Services. On February 5, 2010, less than six months following the submission of the administrative claim, this action was commenced by the filing of plaintiffs' complaint.[6] As of February 5, 2010, the Department had not acted upon plaintiffs' claim. The Department had informed plaintiffs by letter that:

> should the six month statute expire before the completion of the medical review, you may consider the claim deemed denied and file suit in the appropriate U.S. District Court.[7]

Defendant contends that upon the above facts, plaintiffs' complaint is premature and must be dismissed for lack of jurisdiction. Plaintiffs contend that the Department "invited Plaintiff[s] to file a protective complaint."[8] Plaintiffs point out that the state statute of limitations would have expired on plaintiffs' tort claim

---

[4]Docket No. 6.

[5]Docket No. 7.

[6]Docket No. 1.

[7]Opposition to Motion to Dismiss at 8, Docket No. 7.

[8]Id. at 2.

- 2 -

Case 3:10-cv-00023-HRH   Document 11   Filed 06/25/10   Page 2 of 4

prior to six months following the filing of the administrative claim, that the six-month period during which the department might have decided the administrative claim has now expired without action, and contend that defendant's Rule 12(b)(1) motion is untimely.

Dealing with the plaintiffs' contentions first, the letter from the Department to plaintiffs' attorney did not invite plaintiffs to file a premature or protective complaint with this court. On the contrary, that letter expressly warned that such a complaint could be filed only after the Department had not ruled upon the administrative claim for six months. The fact that the state tort claims statute of limitations would run before six months following the filing of plaintiffs' administrative claim does not trump the federal statute which expressly provides that a federal lawsuit may

> not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). The statute further provides:

> The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

Id.

In their response, plaintiffs in substance argue that the court should deem their complaint to have been timely filed inasmuch as the six-month period for agency consideration has now expired without an agency decision. That argument has been

expressly rejected by the United States Supreme Court in <u>McNeil v. United States</u>, 508 U.S. 106 (1993).

The Supreme Court of the United States took the <u>McNeil</u> case on <u>certiorari</u> because there were conflicting circuit opinions, some of which had held that prematurely filed Federal Tort Claim Act (FTCA) cases should be permitted to proceed if substantial progress in the case had not been made before the administrative remedy was exhausted. That proposition was rejected in <u>McNeil</u> based upon the Supreme Court's interpretation of Section 2675(a). The Supreme Court held:

> The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. Because petitioner failed to heed that clear statutory command, the District Court properly dismissed his suit.

<u>McNeil</u> at 113. Plaintiffs had not exhausted their administrative remedy when suit was filed in this court.

Finally, plaintiffs' contention that the defendant's motion is untimely is without merit. Neither the FTCA nor the Federal Rules of Civil Procedure place a time limit on when a defendant must file a motion to dismiss for lack of jurisdiction.

Defendant's motion to dismiss is granted. Plaintiffs' complaint is dismissed without prejudice.

DATED at Anchorage, Alaska, this <u>25th</u> day of June, 2010.

/s/ H. Russel Holland
United States District Judge

- 4 -

Case 3:10-cv-00023-HRH   Document 11   Filed 06/25/10   Page 4 of 4